IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GEORGE WASHINGTON PARKER, JR.                                          PETITIONER
Reg #10635-017

v.                         Case No. 2:18-CV-00056 DPM-JTK

GENE BEASLEY, *Warden*,
FCI-Forrest City and DOES 1-10                                         RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

<u>Procedural History</u>

This matter is before the undersigned United States Magistrate Judge on the petition of federal prisoner George Washington Parker, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry # 2) Petitioner's federal sentence derives from a conviction in the United States District Court for the Northern District of Florida (Gainesville Division) where he pleaded guilty to two felony counts in violation of 18 U.S.C. §§ 922 and 924 respectively. Petitioner tried to withdraw his guilty plea, but following a hearing, that motion was denied. In April 1997, Petitioner received a combined sentence of 322 months imprisonment to run concurrent with any other sentence imposed or being served.

Petitioner has filed countless motions challenging his sentence in the Florida sentencing court. His appeal to the Eleventh Circuit Court of Appeals was dismissed for want of prosecution when he failed to pay the $450 docketing and $5 filing fees. Subsequent to that dismissal, he continued to file motions for reduction in sentence in the sentencing court that were likewise denied. His appointed

counsel then moved to withdraw and filed a brief pursuant to *Anders v. California* 386 U.S. 738 (1967). The Eleventh Circuit granted the motion to withdraw; found from its independent review that counsel's assessment of the relative merit of an appeal was correct; and denied Petitioner's motion for a sentence reduction. In a subsequent appeal, the Eleventh Circuit, on May 30, 2014, denied a motion for leave to proceed in forma pauperis because the appeal was frivolous. On June 29, 2016, the Eleventh Circuit issued an Order in which it denied Petitioner's application for leave to file a second or successive §2255 motion. Thereafter, on June 30, 2016, the United States District Court for the Northern District of Florida denied as moot Petitioner's Motion to Stay § 2255 proceedings pending a decision from the Eleventh Circuit on his application for leave to file a second or success § 2255 motion.

On April 5, 2018, Petitioner filed the instant petition under section 2241, challenging the validity of his federal conviction and sentence entered in the United States District Court for the Northern District of Florida. For the reasons set forth below, it is recommended that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Discussion

A federal prisoner seeking to collaterally attack his conviction or sentence ordinarily must file a motion to vacate in the trial court under § 2255 (in this case, the Northern District of Florida), and not a habeas petition in the district of incarceration under § 2241. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255(e) provides:

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." While Petitioner seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Federal courts lack jurisdiction over § 2241 petitions challenging the validity of a federal conviction or sentence unless the prisoner can affirmatively demonstrate that the remedy provided by §2255 is "inadequate or ineffective" to test the legality of his detention. *DeSimone v. Laxcy*, 805 F.2d 321, 323 (8th Cir. 1986). This exception is sometimes called the "savings clause," *see Abdullah*, 392 F.3d 959, because, when it applies, it can save a habeas petition from being dismissed under § 2255(e)'s exclusive remedy rule. Importantly, it is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000).

In this habeas action, Petitioner alleges the evidence used against him was illegally seized on a false arrest warrant and subsequently led to the "bogus charges" for which he now stands convicted. Thus, this Court has jurisdiction to consider this argument under § 2255's savings clause only if Petitioner can demonstrate that his remedies in the Northern District of Florida were "inadequate and ineffective." It is well settled that a § 2241 habeas petitioner cannot raise in the district of incarceration, an issue that could have been raised or actually was raised in a § 2255 motion filed in the sentencing court. *Lurie*, 207 F.3d at 1077-78. Although it is not clear whether Petitioner actually raised this issue in his § 2255, it is clear that he could have done so.

Petitioner is challenging the validity of the sentence that was imposed by the Florida federal court. Such a challenge is appropriate under § 2255, and as previously noted, Petitioner has sought such review numerous times in the Florida district courts and the Eleventh Circuit Court of Appeals. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission

to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *Lurie*, 207 F.3d at 1077 (internal citations omitted); *see also Morrison*, 349 F.3d at 1091 (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"). Therefore, undersigned concludes that it does not have jurisdiction to consider Petitioner's claim in this § 2241 habeas action.

## CONCLUSION

For the foregoing reasons, the Court concludes that habeas corpus relief pursuant to § 2241 is not available to Petitioner. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (Docket Entry #2) should be denied, dismissing this action this action in its entirety with prejudice. The application to proceed in forma pauperis (Docket Entry #1) should be denied as moot.

SO ORDERED this 17th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE